Marlene F. AGEMAN, Plaintiff—Appellant,

v.

AFG INDUSTRIES, INC.,
Defendant—Appellee.

No. 01–57034.

D.C. No. CV–00–00993–VAP.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2002.*

Decided Nov. 14, 2002.

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before PREGERSON, THOMPSON and WARDLAW, Circuit Judges.

MEMORANDUM **

Marlene Ageman appeals the district court's grant of summary judgment dismissing her various actions in diversity against her former employer, AFG Industries, Inc. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because we agree that Ageman failed to demonstrate genuine issues of material fact as to essential elements of each of her claims, we AFFIRM the district court.

We review the grant of summary judgment de novo, applying the same summary judgment standard as the trial court. *Walker v. City of Lakewood,* 272 F.3d 1114, 1122 (9th Cir.2001). Contrary to Ageman's argument, we have held that federal courts should apply the federal standard for summary judgment in diversity actions. *Martinez v. Asarco Inc.,* 918 F.2d 1467, 1470 n. 3 (9th Cir.1990).

We find that Ageman failed to put forth prima facie evidence of a disability within the meaning of the Fair Employment and Housing Act ("FEHA"). Section 12926(k) defines "physical disability" as "any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that ... affects [a significant body system] and limits a major life activity." A condition "limits a major life activity if it makes the achievement of the major life activity difficult." Cal. Gov.Code § 12926(k)(1)(B)(ii). A "major life activity" may include "physical, mental, and social activities and working." Cal. Gov.Code § 12926(k)(1)(B)(iii).

■ While acknowledging that FEHA's definition of disability is broader than that of the ADA, *Jensen v. Wells Fargo Bank,* 85 Cal.App.4th 245, 258, 102 Cal.Rptr.2d 55 (2000), we find that Ageman failed to produce evidence that her medical conditions, residual ovarian syndrome and fibromyalgia, limited her ability to work or to pursue any other major life activity. Ageman adduced vague deposition testimony that her doctors wanted her to take time off after her three ovarian cyst surgeries in 1994, 1996, and 1999; however, Ageman further testified that she requested that her doctors write her "light duty" work

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

requests post-surgery. The bulk of the evidence demonstrates that Ageman continued with her work duties after surgery. In addition, Ageman's requests for "light duty" were for brief periods of time immediately after each surgery. As noted by the district court, "[t]emporary, non-chronic impairments of short duration with little or no long term or permanent impact, are usually not disabilities." *See Sanders v. Arneson Products, Inc.,* 91 F.3d 1351, 1354 (9th Cir.1996).

■ We similarly find that Ageman did not adduce evidence sufficient to demonstrate a genuine issue of material fact as to her California Family Rights Act ("CFRA") claim because she failed to adequately establish that AFG denied her an explicit request for medical leave. The CFRA places the burden on the employee to "provide the employer with reasonable advance notice of the need for leave." *Gibbs v. American Airlines,* 74 Cal. App.4th 1, 6, 87 Cal.Rptr.2d 554 (1999) (quoting Cal. Gov.Code § 12945.2(h)). Under title 2, section 7297.4(a)(1) of the California Code of Regulations, "[a]n employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs CFRA-qualifying leave, and the anticipated timing and duration of the leave." Ageman testified that in spite of desiring to take time off after her surgeries, she instead delivered to her employer doctors' notes requesting "light duty." Ageman is thus unable to show that she made an explicit request for leave under the CFRA. Therefore, her CFRA claim must fail. Ageman's public policy claims also necessarily fail, given their basis in her unsuccessful FEHA and CFRA claims. *See Green v. Ralee Engineering Co.,* 19 Cal.4th 66, 79, 78 Cal.Rptr.2d 16, 960 P.2d 1046 (1998).

Nor did Ageman present sufficient evidence to create a genuine issue of material fact as to her implied-in-fact contract claim. California law presumes at-will employment where contract terms do not specify otherwise. *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 335, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000) (citing Cal. Lab. Code § 2922). While California courts look to factors such as employer personnel policies, longevity of service, and assurances of continued employment in determining whether an employer's conduct "gave rise to an implied-in-fact contract," they have been careful not to interpret such factors too liberally. *See Guz,* 24 Cal.4th at 341–42, 100 Cal.Rptr.2d 352, 8 P.3d 1089 ("[A]n employee's mere passage of time in the employer's service, even where marked with tangible indicia that the employer approves the employee's work, cannot alone form an implied-in-fact contract that the employment is no longer at will."). Furthermore, the California Court of Appeal in *Guz* explained that explicit at-will contract language "must be taken into account, along with all other pertinent evidence, in ascertaining the terms on which a worker was employed." *Id.* at 340, 100 Cal.Rptr.2d 352, 8 P.3d 1089. Ageman concedes that she signed multiple forms over the course of her employment with AFG acknowledging the at-will nature of her employment, and thus she cannot overcome the presumption of at-will employment. Ageman's good faith and fair dealing claim must also fail, because there are no contract terms to support the covenant. *See Foley v. Interactive Data Corporation,* 47 Cal.3d 654, 690, 254 Cal.Rptr. 211, 765 P.2d 373 (1988).

■ Finally, we agree with the district court that Ageman's intentional infliction of emotional distress claim is precluded by the exclusivity provision of California's worker's compensation law. *See* Cal. Lab. Code § 3601. California courts have generally held that where an employee is injured within the scope of employment, and

where that harm does not constitute a violation of public policy, worker's compensation provides the exclusive means of tort recovery. *See City of Moorpark v. The Superior Court of Ventura County,* 18 Cal.4th 1143, 1161, 77 Cal.Rptr.2d 445, 959 P.2d 752 (1998). Ageman did not offer evidence that AFG's conduct was outside the normal course of employment; nor did she establish a violation of public policy. Thus, Ageman's tort claim is barred by the California worker's compensation exclusivity provision.

AFFIRMED

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.